**WEAVER v WEAVER et**

Ohio Appeals, 3rd Dist, Seneca Co

No. 284.   Decided Dec 31, 1940

Schroth & Schroth, Tiffin, for plaintiff-appellee.

Carpenter & Carpenter, Tiffin, for defendants-appellants.

## OPINION

BY THE COURT:

This is an appeal from a judgment of the Court of Common Pleas of Seneca County. The judgment appealed from was entered on the 16th day of July, 1940, and is in the words and figures following, to-wit:

"This day this cause came on for hearing on the defendants' motion for judgment in their favor upon the special verdict rendered herein, on consideration of which the court does hereby overrule the same.

"Thereupon this cause came on further to be heard on the defendants' motion for a new trial herein, on consideration of which the court overrules the same.

"Thereupon this cause came on further to be heard on defendants' motion for a rehearing of their said motions for judgment and a new trial, on consideration of which the court overrules the same.

"Thereupon this cause coming on for consideration upon the verdict and facts admitted and established by that degree of proof defined by the Supreme Court as being such that reasonable minds cannot disagree, the court finds for the plaintiff, and it is adjudged that she recover from the defendants the sum of five hundred ($500.00) dollars with interest at 6% from the date of the commencement of this action, namely, from the 17th day of March, 1938.

"To all of the foregoing orders and judgment the defendants except."

This action is upon a promissory note for the sum of $500 executed by the defendants Leo R. Weaver and Jessie M. Weaver to the plaintiff Gertrude B. Weaver, which under the terms of a written agreement made concurrent therewith, became due upon the defendant Leo R. Weaver breaching the terms of the written contract.

The plaintiff in her petition pleads the terms of the contract to be performed upon her part and the performance thereof, and the terms thereof to be performed by the defendant Leo R. Weaver and the breach thereof by him.

The defendants in their answer admit the execution of the contract and note, and certain other facts pleaded in the petition, and generally deny facts not expressly admitted. They further recite in their answer that a copy of the contract referred to, is attached to their answer and made a part thereof, and aver that the plaintiff has failed to perform the terms and conditions of the contract on her part to be performed.

The bill of exceptions filed herein does not incorporate any recital to the effect that it contains either all the evidence or all the proceedings, and the certificate of the trial judge thereto expressly recites that the bill of exceptions omits testimony and trial proceedings in part.

As shown by the bill of exceptions, the court in its charge stated: "In this case the defendants have asked that the court submit what we of this profession call a special verdict. That special verdict is a series of questions which have been prepared and which you will answer."

The bill of exceptions recites that counsel for defendants noted the exceptions of both defendants, to the charge of the court, and noted exceptions of both defendants to the form of special verdict as submitted by the court. However, there is nothing in the record showing that the special verdict as submitted, was not in the identical form requested by defendants, as above noted. In the absence of such showing it must be presumed that the special verdict as submitted is in the identical form requested by defendants, and the defendants consequently are precluded from claiming error in its submission in the form it was submitted.

As defined in §11420-14 GC, a special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law.

From the first four findings of fact made by the jury in their answers to the first three questions in the special verdict as submitted, the court was warranted in drawing conclusions of law to the effect that the defendant Leo R. Weaver had breached the contract, as charged in the petition.

The other two findings by the jury in their answers to the questions contained in the special verdict were to the effect that the **defendants** have not established by a preponderance of the evidence, the failure of the plaintiff to perform certain of the conditions of the contract on her part to be performed.

The terms of the contract mentioned constituted reciprocal promises on her part to be concurrently performed, and the plaintiff in order to recover for breach of the defendant Leo R. Weaver, had the burden of proving their performance.

The last two findings are therefore negative in character and the court was not warranted in drawing conclusions of law therefrom that the plaintiff had performed such terms.

The special verdict contained no findings that the plaintiff had established by a preponderance of the evidence, her performance of the terms of the contract mentioned in said last two findings, or of the other terms of the contract on her part to be performed, pleaded by her in her petition and not admitted in the answer, as to the discontinuance by her of the divorce proceeding she had instituted against the defendant Leo Weaver prior to the time she and the defendant Leo Weaver had entered into said written contract.

Furthermore, the special verdict did not contain any finding as to the amount that the plaintiff was entitled to recover against the defendant, but this was not material as under the pleadings, as in the event plaintiff established by a preponderance of the evidence performance by her of the terms of the contract on her part to be performed, and breach thereof by the defendant Leo R. Weaver of the terms on his part to be performed, she was entitled as a matter of law to recover the amount of the note admitted in the pleadings.

As above stated, the special verdict submitted the facts of the breach of the contract by the defendant Leo R. Weaver but did not submit the issues of fact as to plaintiff's performance of the terms of the agreement on her part to be performed, and constituted a submission of only a part of the facts to the jury which were insufficient to warrant a judgment on the findings contained in the special verdict.

This partial submission, as hereinbefore stated, was made at the request of the defendants, as shown by the record, and in law constituted a wai-

242

ver on the part of the defendants of a verdict by the jury upon the issues not submitted, authorizing the court to determine the remainder of such issues without the intervention of a jury, it not appearing of record that defendants demanded a jury as to such further issues. This the court did in its judgment based upon a consideration of "the verdict and the facts admitted and established by that degree of proof defined by the Supreme Court as being such that reasonable minds cannot disagree."

As there is no recital in the bill of exceptions that it contains all of the evidence, and the certificate of the court showing affirmatively that testimony and trial proceedings are omitted in part, and nothing to the contrary appearing from the record as submitted to this court, it must be conclusively presumed that the court in entering the judgment it entered had facts before it warranting the entry thereof.

In the absence of a complete record it does not affirmatively appear that any of the errors assigned by defendants-appellants constituted prejudicial error.

As no error in any of the respects assigned by appellants and argued in their briefs, affirmatively appears of record the judgment will be affirmed at costs of appellant.

CROW, PJ., KLINGER & GUERNSEY, JJ., concur.

## APPLICATION FOR REHEARING

TO THE CLERK:

In the above entitled action, enter the following minutes on the trial docket, as of date Feb. 4, 1941, and at once inform all attorneys of record in said action, to-wit:

Application for rehearing denied. Exceptions saved.

1. The request for special verdict, although included in the files is not a part of the record in the case and therefore was not a subject for consideration by the court upon the appeal. **2 O. Jur. Appeal and Error, §§338 and 339; pages 401, 402, 403.** There is nothing in the record to show that the defendants requested a verdict by the jury upon all the issues.

Furthermore the findings made by the court upon the issues not comprehended in the special verdict are by it based upon "facts admitted and established by that degree of proof defined by the Supreme Court as being such that reasonable minds cannot disagree." Facts admitted and established by the degree of proof mentioned present questions for determination by the court without the intervention of a jury irrespective of whether a jury is demanded.

2. The verdict designated as the special verdict in the instant case comprehended special findings of fact upon only a part and not all the issues made by the pleadings in the case, and therefore under the decision in the case of **Pennsylvania Railroad v Vitti, 111 Oh St 670 at page 679,** did not alone constitute a sufficient basis for a judgment for either party. However, the judgment was not based upon the verdict alone but upon the verdict and separate findings of the court of facts admitted and proved, and these together are sufficient to sustain the judgment. As the judgment was not based upon the verdict alone, error claimed in the judgment could not be demonstrated nor determined by resort to that part of the record in the case exclusive of the bill of exceptions, and the bill of exceptions being incomplete in the respects mentioned in the opinion, no error affirmatively appeared from the entire record in the case.

CROW, PJ. by way of emphasis and extension:

The request of defendants for a special verdict argued in their brief and in the application for rehearing, and the action of the trial court thereon, were not brought on the record by either journal entry or bill of exceptions.

The so-called special verdict which was submitted by defendant and properly brought on the record was in fact and law, though not in form, nothing more than a collection of special findings within §11420-17 GC, which when returned by the jury, left the case but partially submitted, the issues other than those covered by the special findings remaining undetermined. Thereafter the undetermined issues were according to the final judgment entry, tried to and decided by the court. Upon those issues defendant was entitled to trial by jury but the right to such jury was so far as the record goes, not demanded by defendant and consequently was waived, and as hereinabove stated the bill of exceptions fails to show the evidence taken upon such trial by the court, or that there was no evidence introduced upon such trial.